## Wood *versus* Bayard and Black.

1. For the purpose of avoiding a deed to bar an entail, evidence is admissible to show that the grantor was non compos mentis, or that being weak minded was imposed on.

2. A common recovery is by the judgment of a court of record, and the infancy or insanity of the party suffering it cannot be set up against the record.

3. Such judgment is regular and valid until reversed, and cannot be impeached collaterally.

4. A deed to bar an entail is a matter *in pais.*

November 16th 1869.  Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Greene county :* No. 171, to October and November Term 1869.

This was an action of ejectment by Edward Wood against Thomas Bayard and William Black for 20 acres of land.

The land in dispute was part of the real estate of Isaac Wood, deceased, who left to survive him three sons, John, Edward and Thomas and one daughter, Elizabeth.  Isaac Wood by his will, proved April 9th 1852, devised part of his farm to Thomas and Elizabeth, adding :—" If either of my children Thomas and Elizabeth, should depart this life without issue, his or her or their share or shares shall go to the other surviving brothers and sister, or as the case may be."  On the 2d of October 1858, Thomas Wood and Elizabeth Wood executed and delivered to Edward Wood, the plaintiff, a deed for the land devised to them, for the consideration of $800, "and also for the purpose of barring the estate tail."

The deed was duly acknowledged by the grantors before a justice of the peace on the day of its date, and on the 27th of the same month, on motion of E. Sayers, Esq., in open court, "was duly ordered to be entered among the records thereof in the manner commonly used with respect to sheriffs' deeds, in pursuance with the Acts of Assembly relating thereto, entitled an act to facilitate the barring of estates tail—which is accordingly so done in sheriff's deed book."

The land in dispute is part of the tract mentioned in the deed. The defendants are in possession under John Wood, one of the brothers of Thomas and Elizabeth.

The plaintiff having closed his case, the defendants offered to prove " the incapacity of the grantor to make a deed for any purpose, at the time this deed was executed, and before that date and since.

" The plaintiff objected to the evidence on the ground that no evidence can be received to show incapacity in making a deed to bar an estate tail."  The court (Gilmore, P. J.) admitted the

[Wood v. Bayard.]

evidence, saying:—" We think it competent for the defeat of the deed barring the estate tail, to show either that Elizabeth was non compos mentis at the time the deed was made, or that being weak minded she was imposed upon." A bill of exceptions was sealed for the plaintiff.

A number of witnesses were examined as to the capacity of Elizabeth, and the jury rendered a verdict for the defendants.

The plaintiff took out a writ of error and assigned for error the admission of the evidence.

*R. W. Downey*, for plaintiff in error, cited Act of January 27th 1749–50 § 1, 1 Smith's L. 203, Purd. 421 pl. 1; Sharp *v.* Thompson, 1 Whart. 139; 2 Black. Com. 361; Mansfield's Case, 12 Rep. 123; Snowden *v.* Dunlavy, 1 Jones 522; Dunwoodie *v.* Reed, 3 S. & R. 435; Lyle *v.* Richards, 9 S. & R. 322.

*A. A. Purman* (with whom were *Wyly & Buchanan*), for defendants in error, cited Lyle *v.* Richards, *supra*; 1 Story's Eq. J. § 220; 1 Fonblanque's Eq. 47, 38, n.; Addison *v.* Dawson, 2 Vern. 678; Clerk *v.* Clerk, Id. 413; Wilkinson *v.* Brayfield, Id. 307; Colby *v.* Smith, 1 Id. 205; Sawyer *v.* Vernon, Id. 390.

The opinion of the court was delivered, January 3d 1870, by

Agnew, J.—The second section of the Act of 16th January 1799, 3 Smith's Laws 338, made for the purpose of barring entails, enacts that, "such conveyances and confirmation shall be good and available to all intents and purposes, against any person or persons claiming by virtue of such estate tail or in remainder or reversion after such estate tail, as such grantor, bargainor or vendor might or could have debarred by any mode of common recovery, or by any ways and means whatsoever, previously to such grant, bargain, sale or conveyance any law or usage to the contrary notwithstanding."

The plaintiff in error argues and cites abundant authority to prove that a common recovery suffered by an infant or a lunatic is effectual against himself and his heirs, and thence draws the conclusion that the Act of 1799 places a deed duly executed, acknowledged, approved and recorded, on the same footing as a common recovery. As to the effect of a *valid* deed this is true, but that is not the question before us. The court received the evidence, to which exception was taken, to prove the incapacity of the grantor to make a deed; and the true question is whether the making of a deed stands on the same footing as the entering of judgment in a court of record. The reason why the infancy or insanity of a party who suffers a common recovery, cannot be set up against it, is, that it cannot be done without attacking the judgment of the court, which to every intendment is presumed to

13 P. F. Smith—21

Wood *v.* Bayard.]

be regular and valid, until reversed or set aside in due course of law. The judgment of the court is the solemn act of a competent legal tribunal, and cannot be impeached collaterally. It is presumed to have had legal and competent parties before it. But a deed is an instrument *in pais*, and must have proper parties able to contract and be contracted with. An essential element of this competency, is, that the party be of sane mind. Without this the writing is not his deed, and can be avoided under the plea of *non est factum*. The defect therefore lies behind the act of executing the writing; and the purpose of the evidence was not to deprive the instrument, as a *good* deed, of its statutory operation and effect, but was to show that it never had any legal existence whatever as a deed. There was no error therefore in receiving the evidence and the judgment is affirmed.